# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

_____

| | |
|---|---|
| MICHAEL PETERSON, | CV 11-81-M-DWM-JCL |
| Plaintiff, | |
| vs. | |
| TIME INSURANCE COMPANY, ASSURANT HEALTH, JOHN ALDEN LIFE INSURANCE COMPANY, AETNA US HEALTH CARE, AETNA HEALTH & LIFE INSURANCE COMPANY, and JOHN DOES 1, 2, and 3, | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

_____

Defendant Aetna Health & Life Insurance Company ("Aetna") has moved to dismiss Plaintiff Michael Peterson's ("Peterson") complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the

ground that the complaint does not satisfy the pleading standards set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Alternatively, Aetna moves for more definite statement under Fed. R. Civ. P. 12(e). For the reasons set forth below, Aetna's motions are properly denied.

I. **Applicable Legal Standards**

    A. **Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949. The purpose of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570). This

"plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. Factual allegations that are simply consistent with a defendant's liability stop "short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557.)

In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The allegations in a complaint must rise above the level of mere speculation, but need only "raise a reasonable expectation that discovery will reveal evidence of" a basis for liability. *Twombly*, 550 U.S. at 555-56.

In determining whether this standard is satisfied, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008). Assessing a claim's plausibility is a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950

### B. Motion for More Definite Statement

Fed. R. Civ. P. 12(e) allows a party to move for a more definite statement with respect to a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion may be the appropriate remedy "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice" to the responding party. *Swierkiewics v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The court should deny a motion for a more definite statement "if the complaint is specific enough to notify defendant of the substance of the claim being asserted." *C.B. v. Sonora School Dist.,* 691 F.Supp.2d 1170, 1191 (E.D. Cal. 2010). And a Rule 12(e) motion should not be granted where the information sought is within the defendant's knowledge and the motion merely seeks a formal particularization of known facts. *See Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.,* 235 F.R.D. 632, 633 (E.D. La. 2006). The court may also deny such a motion if the detail sought "is obtainable through discovery." *Sonora School Dist.*, 691 F.Supp. at 1191. Whether to grant a Rule 12(e) motion for a more definite statement is within the discretion of the district court. *See McHenry*

*v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## II. Discussion

Aetna argues that Peterson's complaint should be dismissed because it fails to state a claim with the specificity required by *Iqbal* and *Twombly*. Peterson's complaint names five "health insurance companies" as Defendants, including Aetna. Dkt. 1, ¶¶ 3-4. Peterson asserts claims against all Defendants for breach of contract (Count I), violation of Montana's Unfair Trade Practices Act (Count II), tortious breach of statutory duties (Count III), constructive fraud and breach of fiduciary duties (Count IV), negligent infliction of emotional distress (Count V), and intentional infliction of emotional distress (Count VI).

The background factual allegations common to all counts in the complaint read in full and verbatim as follows:

> 6. The Defendants engaged in activities in Montana and other states and the adjusting process and tortuous conduct involved in this claim.
>
> 7. The Plaintiff was covered by one or more of the above mentioned health insurance companies and their policies.
>
> 8. The Plaintiff paid premiums to the Defendants for health insurance.
>
> 9. The Plaintiff made claims upon the Defendants' policies covering his health needs and the Defendants refused to cover the Plaintiff and/or properly adjust his claims.

Dkt. 1, ¶¶ 6-9.

Aetna argues that Peterson's complaint fails to satisfy the pleading standard articulated in *Twombly* and *Iqbal* because it does not contain enough factual content to allow the Court to draw the reasonable inference that Aetna is plausibly liable for the misconduct alleged. In particular, Aetna notes that the complaint fails to identify any specific insurance policy, does not set forth the date of any claims submitted by Peterson or describe the nature of those claims, and does not state when those claims were allegedly denied. Citing these deficiencies, Aetna maintains that Peterson's complaint simply pleads facts that are consistent with its alleged liability and in doing so "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949. Aetna argues Peterson has thus failed to state a plausible claim for relief, and asks the Court to dismiss his complaint accordingly.

While the factual allegations in Peterson's complaint are admittedly sparse, they are adequate to satisfy *Twombly* and *Iqbal*. The complaint alleges that Peterson was covered under a health insurance policy issued by Aetna, and that Aetna wrongfully refused to pay the benefits due him under the policy in violation of Montana law. These allegations are sufficient to state a claim that is "plausible on its face,"[1] and to "raise a reasonable expectation that discovery will reveal

---

[1] *Iqbal*, 129 S.Ct. at 1949.

evidence of" a basis for Aetna's liability. *Twombly*, 550 U.S. at 555-56. Peterson's complaint is thus sufficient to withstand Aetna's Rule 12(b)(6) motion to dismiss.

Aetna maintains in the alternative that it is entitled to a more definite statement pursuant to Rule 12(e) because Peterson's complaint is so vague and lacking in detail that it cannot reasonably prepare a response. Aetna seeks an order directing Peterson to provide a more definite statement identifying "the Aetna insurance policy involved, the date on which [Peterson] allegedly submitted a claim on the policy, the nature of the claim allegedly involved, and the date on which the claim was allegedly denied." Dkt. 32, at 7.

While it is true that the complaint itself contains little in the way of factual particularity and arguably warranted a Rule 12(e) motion in the first instance, Peterson has provided additional information in response to Aetna's alternative motions. Peterson has submitted a copy of his Aetna insurance card, some correspondence from Aetna, and several "Explanation of Benefits" forms. Dkt. 40-1 through 40-8.

Aetna concedes that Peterson has thus responded with sufficient information so that it can now determine his identity and distinguish him from the seven other "Michael Petersons" in Montana who have been insured under Aetna health and

welfare benefit plans. Dkt. 42, at 3. Aetna also agrees that it is now evident based on the materials submitted in conjunction with Peterson's response that he is, or was, covered by a limited group benefit insurance plan administered by Strategic Resource Company. Dkt. 42, at 3. Aetna nonetheless maintains that Peterson's complaint is still deficient because it "wholly fails to identify the claim or claims which the plaintiff alleges were wrongfully denied, or the reasons why such claim(s) should have been covered." Dkt. 42, at 3.

Peterson has submitted several Explanation of Benefits forms he received from Aetna for the multiple claims he apparently submitted during the 2008 calendar year. Dkt. 40-2. To the extent Aetna seeks additional information as to the particular claims Peterson maintains were wrongfully denied and why he believes those claims should have been covered, it may obtain that information through the discovery process. Where, as here, the additional "detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Beery v. Hitachi Home Electronics,* 157 F.R.D. 477, 480 (C.D. Cal. 1993). *See also*, *Natomas Gardens Inv. Group, LLC v. Sinadinos*, 710 F.Supp.2d 1008, 1015 (E.D. Cal. 2010). Because Aetna may obtain the information it seeks through discovery as this case progresses, its alternative motion for a more definite statement is properly denied.

## III. Conclusion

Based on the foregoing,

IT IS RECOMMENDED that Aetna's Motion to Dismiss or, in the Alternative, For More Definite Statement, be DENIED.[2]

Dated this 1st day of November, 2011,

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] To the extent counsel for Peterson uses her brief in response to Aetna's motion as vehicle for seeking Rule 11 sanctions against defense counsel, her request is procedurally defective and is summarily denied. *See e.g. Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).