IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MICHAEL PETERSON, individually, and as the personal representative for the estate of JOSHUA PETERSON, | ) ) ) ) ) | CV 11–81–M–DWM–JCL |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| TIME INSURANCE COMPANY; ASSURANT HEALTH; JOHN ALDEN LIFE INSURANCE COMPANY; AETNA LIFE INSURANCE COMPANY; and JOHN DOES 1, 2, and 3; | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Michael Peterson filed this lawsuit, alleging that the defendants wrongfully denied and improperly processed claims for benefits under various health insurance policies. One of the defendants, Aetna Life Insurance Company, moves for summary judgment on ERISA preemption grounds. Judge Lynch recommended granting the motion. The Court agrees and adopts Judge Lynch's Findings and Recommendation in full.

Judge Lynch issued his Findings and Recommendation on February 15,

1

2012. Mr. Peterson filed his objections on March 1, 2012.

Mr. Peterson offers two specific objections. First, he claims that Judge Lynch incorrectly concluded that ERISA's Safe Harbor exclusions do not apply. Second, he claims that Judge Lynch abused his discretion by failing to recuse himself.

Mr. Peterson is entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

**I.**

Mr. Peterson's recusal objection is easily disposed of. Mr. Peterson moved for recusal on September 29, 2011. Judge Lynch denied that motion on October 21, 2011. Since that was a non-dispositive order, Mr. Peterson had 14 days from the date of that order to object. Fed. R. Civ. P. 72(a). He did not do so, and his objection here is almost four months late.[1] It is therefore denied. *Id.*

---

[1] Mr. Peterson parroted the same argument in his motion for summary judgment. To the extent that his argument may be construed as a renewed motion for recusal, it is denied for the reasons given in Judge Lynch's October 21, 2011, order (dkt # 45).

## II.

The only portion of Judge Lynch's Findings and Recommendations to which Mr. Peterson specifically objects is Judge Lynch's conclusion that ERISA's Safe Harbor exclusions do not apply. Reviewing that issue de novo, the Court concludes that Judge Lynch reached the correct conclusion.

Under the Safe Harbor regulation, a group insurance plan is exempt from ERISA coverage if all four of the following criteria are satisfied:

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer . . . receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

Mr. Peterson claims that Judge Lynch "inaccurately appl[ied] the law and the facts to the situation particularly the fact of the Plaintffs' independence from a former employer under the Safe Harbor exclusions." The objection is unclear,

3

though, because the Safe Harbor exclusions do not address a party's "independence from a former employer." But the Court takes his objection to be the same one that he raised below—that is, "[H]is claims are not related in any way to that period of time when [he] was employed with Securitas and had a group health insurance plan." Mr. Peterson argues that all of his claims relate to a private, individual health insurance policy that he purchased from Aetna after he resigned from Securitas. Mr. Peterson's argument fails.

Mr. Peterson has not produced a copy of the private, individual health insurance policy he claims to have had. Instead, by his own admission, he acknowledges that he paid for COBRA coverage under the same Aetna policy he had with Securitas. ¶¶ 10–11 (dkt # 77-3).

The Ninth Circuit has held that ERISA applies to COBRA "continuation coverage" where a former employee "continue[s] to participate in the employer's ERISA plan by paying the premiums himself." *Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 877 (9th Cir. 2001) (citing *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 841 (9th Cir. 1994)). That is precisely what happened here. As a result, ERISA applies and Mr. Peterson's objection fails.

The Court finds no clear error in the portions of Judge Lynch's Findings and Recommendations to which Mr. Peterson does not object. The Court adopts the

Findings and Recommendations in full.

Finally, for the reasons given in Judge Lynch's Findings and Recommendations, "Aetna Life Insurance Company" is substituted for "Aetna Health Life Insurance Company" and "Aetna US Health Care." *See* Findings and Recommendation 16 n.6 (dkt # 89).

IT IS ORDERED that the Court adopts Judge Lynch's Findings and Recommendations (dkt # 89) in full.

IT IS FURTHER ORDERED that "Aetna Life Insurance Company" is substituted for "Aetna Health Life Insurance Company" and "Aetna US Health Care."

IT IS FURTHER ORDERED that Aetna Life Insurance Company's motion for summary judgment (dkt #65) is GRANTED.

IT IS FURTHER ORDERED that Michael Peterson shall have fourteen (14) days from the date of this order to amend his complaint and add any claim for relief he might have under ERISA.

Dated this 5th day of March, 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT