IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MICHAEL PETERSON, individually, and as the personal representative for the estate of JOSHUA PETERSON,<br><br>     Plaintiff,<br><br>  vs.<br><br>TIME INSURANCE COMPANY; ASSURANT HEALTH; JOHN ALDEN LIFE INSURANCE COMPANY; AETNA US HEALTH CARE; AETNA HEALTH & LIFE INSURANCE COMPANY; and JOHN DOES 1, 2, and 3;<br><br>     Defendants. | CV 11–81–M–DWM–JCL<br><br><br><br>ORDER |

Michael Peterson filed this lawsuit, alleging that the defendants failed to pay or unreasonably delayed payments under his medical insurance policy. Defendants Time Insurance Company, Assurant Health, and John Alden Life Insurance Company (collectively, "John Alden") move to dismiss and move for summary judgment. Judge Lynch recommends granting the motions. The Court agrees and adopts Judge Lynch's Findings and Recommendations in full.

1

Alternatively, the Court grants the motions based on Peterson's counsel's failure to comply with the Local Rules.

**BACKGROUND**

Judge Lynch provided a detailed history of this case in his Findings and Recommendation, so the Court recites the facts here only when necessary to explain its decision.

Peterson alleges several counts against the defendants, who he claims failed to pay his medical bills under his insurance policy or unreasonably delayed payment of those bills. Specifically, he alleges breach of contract (Count I); violations of Montana's Unfair Trade Practices Act (Count II); tortious breach of statutory duties (Count III); constructive fraud and breach of fiduciary duties (Count IV); negligent infliction of emotional distress (Count V); and intentional infliction of emotional distress (Count VI).

John Alden moves to dismiss Peterson's claims for constructive fraud, negligent and intentional infliction of emotional distress, and some of the Unfair Trade Practices claims. John Alden moves for summary judgment on the remaining Unfair Trade Practices claims and Peterson's breach of contract claim.

Judge Lynch issued his Findings and Recommendation on March 8, 2012. (*See* doc. 99.) He recommended granting John Alden's motion to dismiss and

motion for summary judgment, with one caveat, reserving his recommendation on one issue. At the hearing on the motions, Peterson offered two checks related to two claims that Peterson had allegedly presented to John Alden. Peterson insists that John Alden mishandled those claims. Judge Lynch permitted the parties to file supplemental briefs addressing the significance of those two checks and those two claims before he would make recommendations related to those claims.

John Alden and Peterson filed their supplemental briefs on March 19, 2012. (*See* docs. 101, 102.) Peterson's supplemental brief was 11 pages, well over the five-page limit that Judge Lynch set. And Peterson's supplemental brief had little to do with the two checks. Instead, it was essentially an improper motion for reconsideration.

Judge Lynch issued supplemental Findings and Recommendations on March 29, 2012. (*See* doc. 108.) He recommends granting in full John Alden's motion to dismiss and motion for summary judgment. He concluded that John Alden had properly handled and processed the two claims at issue, based on the information that it had at the time.

Peterson timely objected to Judge Lynch's original Findings and Recommendations on March 22, 2012. (*See* doc. 104.) He did not object to Judge Lynch's supplemental Findings and Recommendations. Peterson raises three

objections. He claims:

1. there are genuine issues of material fact as to how John Alden paid and processed his claims, (Objections, doc. 104 at 2–3);

2. Judge Lynch misconstrued the law governing bad faith and breach of contract claims, (*id.* at 4–5); and

3. Judge Lynch should have recused himself, (*id.* at 5–6).

Peterson is entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## ANALYSIS

The Court has reviewed de novo Peterson's objections and adopts Judge Lynch's Findings and Recommendations in full. The Court finds no clear error in the portions of the Findings and Recommendations to which Peterson did not object. Judge Lynch analyzed the issues in great detail and reached the correct conclusions in every respect. On that basis alone, the Court grants John Alden's motion to dismiss and motion for summary judgment. The Court alternatively grants the motion to dismiss and motion for summary judgment because Peterson's counsel has repeatedly violated the Local Rules.

Federal Rule of Civil Procedure 83 authorizes district courts to adopt local rules to govern their practice. "Local rules have the 'force of law' and are binding upon the parties and upon the court . . . ." *Prof. Programs Group v. Dept. of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citations omitted). The Local Rules promote orderly and efficient process to all who come before the Court. "Willful or reckless disregard of court rules justifies punitive action; such conduct contributes to the glacial pace of litigation; when lawyers and litigants ignore the procedures established by the court, they invite delay and conflict into the courtroom." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1484 (9th Cir. 1989).

Here, Peterson's counsel recklessly (if not willfully) violated the Local Rules at virtually every step in this litigation. Ms. Morin's proclivity for violating local rules, rules of civil procedure, and court orders is not a matter of novelty to this Court or others. *See e.g. Arseneau v. Allstate Ins. Co.*, 2010 WL 4533335 (D. Mont. Oct. 27, 2010) (observing that Ms. Morin failed to file a statement of genuine issues, as required under Local Rule 56.1(b)); *Peterson v. Time Ins. Co.*, 2012 WL 704727 at *1 and n.1 (observing that Ms. Morin failed to timely file objections to Judge Lynch's Findings and Recommendations and attempted to file an improper motion for reconsideration); *Peterson v. Time Ins. Co.*, 2011 WL 5879456 at *4 n.2 (D. Mont. Nov. 1, 2011) (observing that Ms. Morin may have

5

attempted to use a response brief as an improper vehicle for seeking Rule 11 sanctions); *W. v. St. Farm Mut. Auto. Ins.*, at 2011 WL 2559966 at *2, *24 (D. Mont. June 28, 2011) (observing that Ms. Morin failed to file certifications of counsel of record along with affidavits and failed to comply with the Court's scheduling order); *Suda v. Harmon*, at 2009 Mont. Dist. Lexis 121 at *4 (21st Jud. Dist. of Mont. Mar. 2, 2009) (observing that Ms. Morin filed a "revised statement of claim" nearly four-and-a-half months after the court-ordered deadline had passed); *see also Suda v. Harmon*, 2008 Mont. Dist. Lexis 493 (21st Jud. Dist. of Mont. Sept. 18, 2008).

Last month, the Ravalli County District Court sanctioned Ms. Morin for filing several groundless, harassing documents after she had made false statements in a related case before this Court. *W. v. St. Farm Mut. Auto. Ins.*, DV–07–330 (21st Jud. Dist. of Mont. April 10, 2012). Because of Ms. Morin's "wasteful" and "abusive" conduct, the court ordered her to: (1) pay the opposing party's attorney's fees and costs, (2) take the Multistate Professional Responsibility Examination until she achieves a score of 100, and (3) pass a basic legal research and writing course by June 30, 2013. *Id.* The court distributed its order to all the district courts in the State and ordered her case referred to the Office of Disciplinary Council, unless she could show cause for not doing so.

Here, each of Peterson's objections fail because Ms. Morin has, once again, failed to comply with the Local Rules.

### A.     Local Rule 56.1(b): Statement of Genuine Issues

In Peterson's objections, Ms. Morin writes that Judge Lynch ignored genuine issues of material fact that preclude summary judgment. As stated above, the Court has reviewed de novo Judge Lynch's Findings and Recommendations and agrees with them in full. That being said, Ms. Morin has waived any argument that there is a genuine issue of material fact because she failed to file a statement of genuine issues.

Local Rule 56.1(b) reads:

> (b)     Any party opposing a motion for summary judgment must also file a Statement of Genuine Issues. The Statement must:
>
>> (1)     set forth in serial form each fact on which the party relies to oppose the motion;
>>
>> (2)     cite a specific pleading, deposition, answer to interrogatory, admission or affidavit before the Court to support each fact; and
>>
>> (3)     be filed separately from the motion and brief.

The Central District of California, addressing a similar local rule, concluded that when a party fails to file a statement of genuine issues, that party is deemed "not to raise a triable issue of material fact as to the claims on which the moving

party seeks summary judgment." *Deirmenjian v. Deutsche Bank, A.G.*, 2010 WL 3034060 at *7 (C.D. Cal. July 30, 2010) (citations and internal quotation marks omitted). The same reasoning applies here. *See also* Fed. R. Civ. P. 56(e).

This is not the first time that Ms. Morin has failed to comply with Local Rule 56.1(b) by not filing a statement of genuine issues. *See Arseneau*, 2010 WL 4533335. And after Judge Lynch noted the deficiency here, Ms. Morin failed to seek leave to file the statement.

Given Ms. Morin's failure to comply with Local Rule 56.1(b) she has waived any argument that this case presents genuine issues of material fact. That being said, the Court also agrees with Judge Lynch's conclusions that there are, in fact, no genuine issues in dispute and summary judgment is appropriate.

### B.   Local Rule 72.3: supporting authority

Peterson also objects that Judge Lynch misconstrued the law governing bad faith and breach of contract claims. Judge Lynch's construction of that law is correct, and the Court adopts it in full. Again, though, Peterson has waived her argument because Ms. Morin failed to comply with the Local Rules.

Under Local Rule 72.3, an objection to a finding or recommendation must itemize:

(1) each factual finding of the Magistrate Judge to which objection is

made, identifying the evidence in the record the party relies on to contradict that finding; and

(2) each recommendation of the Magistrate Judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation.

Ms. Morin provides no authority whatsoever to support her argument that Judge Lynch somehow misconstrued the applicable law. Instead, she provides only unhelpful hyperbole and a conclusory recounting of the factual allegations.

Without providing any authority to support her client's position, Ms. Morin has failed to offer a reasoned, legal explanation for why Judge Lynch misconstrued the law. As stated above, Judge Lynch did not misconstrue the law, but Ms. Morin's failure to comply with the Local Rules is yet another reason why Peterson's claim fails.

**C.     Local Rule 7.3: Motion for Reconsideration**

Finally, Ms. Morin once again asks the Court to order Judge Lynch to recuse himself from this case. The Court has repeatedly addressed this issue in this case (and in others). (*See e.g.* doc. 96.) Ms. Morin now asks the Court to reconsider those rulings.

Local Rule 7.3 requires a party to first seek leave of the Court before moving for reconsideration. L.R. 7.3(a). It also requires the party to identify

changed facts or law that would justify reconsideration or to show that the party could not have been aware of applicable facts or law before the order was entered. *Id.* at 7.3(b). And, finally, the rule expressly prohibits parties from merely repeating arguments they have already made. *Id.* at 7.3(c). "Violation of this restriction subjects the offending party to appropriate sanctions." *Id.*

Despite previous warnings that her repeated requests for recusal are improper (*see* doc. 96 at 2), Ms. Morin has once again failed to comply with Local Rule 7.3(b) in every respect. She did not seek leave before asking the Court to reconsider its earlier ruling. She identifies no new or changed facts or law. Instead, she merely parrots the same arguments she has already made on several occasions (both in this case and others).

The Court agrees with Judge Lynch that there is no need for him to recuse himself from this case. But Ms. Morin's flagrant violations of Local Rule 7.3(b) are an additional reason why Peterson's objection fails.

D. **Amended complaint**

On March 15, 2012, the Court granted summary judgment in favor of Aetna Life Insurance Company because Peterson's state law claims against Aetna were preempted under ERISA. (Doc. 96.) The Court, however, allowed Peterson to file an amended complaint within 14 days that states a claim under ERISA. Peterson

did not file an amended complaint. Instead, Ms. Morin opened a new case on Peterson's behalf and filed a new complaint. *See Peterson v. Aetna US Health Care*, 9:12–cv–40–DLC–JCL (D. Mont.).

Aetna now moves to dismiss because Peterson failed to file an amended complaint, in compliance with the Court's order. The Court grants the motion. *See Mashek v. Snell*, 2010 WL 3925983 (D. Mont. Aug. 27, 2010) (dismissing complaint where plaintiff failed to file an amended complaint within the ordered time period). The parties are ordered to appear at a hearing to show cause as to whether the complaint against Aetna should be dismissed with or without prejudice.

## CONCLUSION

Repeated failures to comply with the Local Rules, Rules of Civil Procedure, and court orders are inexcusable. They result in only wasteful litigation, delay, and, most importantly, a dangerous disservice to clients. Wading through such violations detracts from the merits of the case and, in some instances, might mean that the merits are never adjudicated.

Here, despite Ms. Morin's repeated violations of the Local Rules, Judge Lynch addressed the merits of her client's claims. The Court agrees with Judge Lynch's assessment of the merits and adopts his Findings and Recommendations

in full. Nevertheless, after reviewing the objections de novo, the Court alternatively rejects all of Peterson's arguments on account of Ms. Morin's repeated violations of the Local Rules, Rules of Civil Procedure, and this Court's orders.

Given Ms. Morin's violations (e.g., her repeated, improper motions to reconsider the recusal issue), the Court orders Ms. Morin to show cause why it should not impose a $1,000 fine as a sanction under Local Rule 1.1(c) ("A judge may impose sanctions for violations of these Rules.") or Local Rule 7.3(c) ("Violation of this restriction subjects the offending party to appropriate sanctions."). *See also* L.R. Appx. B

In the past, the Court has granted latitude to Ms. Morin, addressing the merits of her clients' arguments, despite her violations of the Local Rules, Rules of Civil Procedure, and court orders. *See* cases, *supra*. As this order makes clear, that era has passed. Ms. Morin needs to step back and reflect on her lack of professionalism, her truculent attitude toward counsel and the courts, and she needs to positively hit the books—i.e., follow the rules and the law. She needs to recognize that there is a purpose to the law and the rules, and she needs to realize the impact that her lack of professionalism has on the administration of justice.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc.

99) and Supplemental Findings and Recommendations (doc. 108) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that the motion to dismiss and motion for summary judgment filed by Time Insurance Company, Assurant Health, and John Alden Life Insurance Company (doc. 68) are GRANTED.

IT IS FURTHER ORDERED that Aetna Life Insurance Company's motion to dismiss (doc. 105) is GRANTED IN PART. The Court DISMISSES the complaint against Aetna. The parties are ordered to appear at a hearing on May 31, 2012, at 11:00 a.m. to determine whether the complaint against Aetna shall be dismissed with prejudice or without prejudice.

IT IS FURTHER ORDERED that, at the May 31, 2012 hearing, Tracey Morin is ordered to show cause why Court should not impose a $1,000 fine as a sanction for her repeated violations of the Local Rules, Rules of Civil Procedure, and this Court's orders.

Dated this 16th day of May 2012.

/s/ Donald W. Molloy
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT